DENNIS J. FLYNN, Corporation Counsel, Racine County
You have requested my opinion whether sec. 49.01 (1), Stats., is broad enough to permit the county to pay for the services of private attorneys retained by eligible dependent persons to prosecute or defend divorce actions.
It is my opinion that it is not.
Section 49.01 (1), Stats., provides:
"Definitions. As used in chapter 49: (1) `Relief' means such services, commodities or money as are reasonable and necessary under the circumstances to provide food, housing, clothing, fuel, light, water, medicine, medical, dental, and surgical treatment (including hospital care), optometrical services, nursing, transportation, and funeral expenses, and include wages for work relief. The food furnished shall be of a kind and quantity sufficient to provide a nourishing diet. The housing provided shall be adequate for health and decency. Where there are children of school age the relief furnished shall include necessities for which no other provision is made by law. The relief furnished, whether by money or otherwise, shall be at such times and in such amounts, as will in the discretion of the relief official or agency meet the needs of the recipient and protect the public." *Page 331 
The legislature has gone to some length in setting forth the categories of special and professional services which are to be included as relief. If the legislature had intended that legal services in general or legal services in the area of domestic relations were to be included as matters of relief, it would have been a simple matter to include such language.
Recent U.S. Supreme Court cases have established that an indigent accused of a felony or certain misdemeanors must be afforded the assistance of counsel at public expense. I am not aware of any holding, however, which permits or requires the payment of such services from general relief funds.
I am aware of the decision in Boddie v. Connecticut (1971),401 U.S. 371, 91 S.Ct. 780, wherein it was held that due process would be violated, in a state which provided a means to dissolve marriage, if indigents were denied a forum to be heard upon their claimed right to dissolution of a marriage. It held that a state could not impose a financial barrier to court access in the nature of filing fees and service of process costs where indigents were concerned. The case does not involve attorneys' fees. The court did not hold that the welfare grant of such indigent must be raised to cover filing and service costs, but rather that some alternatives to regularly charged fees must be provided for including possible waiver.
Section 271.29 (1), Stats., permits any person to commence, prosecute or defend any action or proceeding in any court without being required to give security for cost or to pay any service or clerk's fee or suit tax upon the filing with the court of an affidavit of poverty. Section 885.10, Stats., provides that, in criminal actions, an indigent defendant may request the court to subpoena defense witnesses at state expense. In criminal cases, judges are required by sec. 970.02 (6), Stats., to appoint counsel for indigent defendants in all cases required by the U.S. or Wisconsin Constitutions. Also see sec. 967.06, Stats.
Section 256.65, Stats., provides for the payment by the county or by the state of costs involving the trial of indigentdefendants. Attorneys' fees are specifically included. While the statute is not specifically limited to criminal matters, it is my opinion that the legislature intended that it apply primarily to criminal actions or *Page 332 
proceedings or matters relating thereto, and that the statute does not apply to indigent defendants in ordinary divorce proceedings. There are other statutes which may allow a court to appoint counsel in various civil actions. See secs. 256.48, 256.49, 256.52, Stats. I find no statute which specifically provides that a court may appoint an attorney at public expense to commence or defend a divorce action on behalf of an indigent.
I do not contemplate that the U.S. Supreme Court will require states to furnish all indigents with counsel at public expense to commence, prosecute or defend divorce actions or other civil matters. In the unlikely event that it did, it would be for the legislature to provide for a means of appointment and compensation, and it is certainly questionable whether the legislature would include the matter under sec. 49.01 (1), Stats.
In closing, I would be remiss if I failed to point out that members of the State Bar have a duty to render services without charge in cases of exceptional need. In addition, attorneys' fees are recoverable from the party which does not prevail and every effort should be made to compel payment of reasonable fees by such party before any additional burden is sought to be imposed on the taxpayers.
RWW:RJV